**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHAREEF JANDALI PLASTIC SURGERY LLC | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:25-CV-1367 (JCH) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, | : | JULY 21, 2026 |
| Defendant. | : | |

**RULING ON MOTION TO DISMISS BY DEFENDANT CIGNA HEALTH AND CROSS MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF SHAREEF JANDALI (Docs. Nos. 16, 19)**

## I.    INTRODUCTION

The plaintiff, Shareef Jandali Plastic Surgery LLC ("Shareef Jandali"), filed suit against defendant, Cigna Health and Life Insurance Company ("Cigna"), alleging nonpayment of medical bills.  See Complaint at 9-11 ("Compl.") (Doc. No. 1).  Shareef Jandali alleges a violation of the Federal Arbitration Act, 9 U.S.C. section 9, and a violation of the No Surprises Act ("the NSA"), 42 U.S.C. §§ 300gg-111.  Id.

Before the court is Cigna's Motion to Dismiss.  See Motion by Defendant Cigna Health and Life Insurance Company to Dismiss Plaintiff Shareef Jandali Plastic Surgery, LLC's Complaint ("Mot. to Dismiss") (Doc. No. 16).  Shareef Jandali filed an Opposition to that Motion and also filed a Cross-Motion for Summary Judgment.  See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint and in Support of Plaintiff's Cross-Motions to Confirm and/or for Summary Judgment ("Pltf's Opp'n and Cross-Motion for SJ") (Doc. No. 19).  Cigna filed a reply.  See Defendant Cigna Health and Life Insurance Company's Reply Memorandum in Further Support of its Motion to Dismiss Plaintiff Shareef Jandali Plastic Surgery, LLC's Complaint and in

1

Opposition to Plaintiff's Cross-Motion to Confirm and for Summary Judgment ("Def's

Reply") (Doc. No. 20).  Shareef Jandali replied in support of its Cross-Motion.  See

Plaintiff's Reply Memorandum in Further Support of Plaintiff's Cross-Motions to Confirm

and/or for Summary Judgment ("Pltf's Reply") (Doc. No. 21).  Cigna filed a Notice of

Supplemental Authority.  See Notice of Supplemental Authority ("Cigna Suppl.

Authority") (Doc. No. 22).  Shareef Jandali filed a Notice of Supplemental Authority.

See Notice of Supplemental Authority ("Shareef Jandali Suppl. Authority") (Doc. No.

23).

For the reasons stated below, the court denies Cigna's Motion to Dismiss (Doc.

No. 16), and the court grants Shareef Jandali's Cross Motion for Summary Judgment in

part (Doc. No. 19).

## II.    BACKGROUND

### A.    Preliminary Information

As a preliminary matter, this is the fourth such case before this court.[1]  The case

is almost identical to another case before this court, Shareef Jandali Plastic Surgery,

LLC v. Cigna Health and Life Insurance Company, 25-cv-01168-JCH.  The parties are

the same and the briefs are almost word for word identical in substance.[2]  The

meaningful difference is the underlying patient related information (i.e., the dates of

---

[1] See Shareef Jandali Plastic Surgery, LLC v. Cigna Health and Life Insurance Company, 25-cv-01168-JCH; New England PA, LLC v. Cigna Health and Life Insurance Company, 25-cv-01472-JCH; Northeast Plastic Surgery Center, LLC v. Cigna Health and Life Insurance Company, 25-cv-01476-JCH.

[2] For example, Cigna's Motion to Dismiss (Doc. No. 16) is almost exactly the same word for word, including the headers and case citations.  Compare Doc. No. 16 Motion by Defendant Cigna Health and Life Insurance Company to Dismiss Plaintiff Shareef Jandali Plastic Surgery, LLC's Complaint, with, Doc. No. 24 Motion by Defendant Cigna Health and Life Insurance Company to Dismiss Plaintiff Shareef Jandali Plastic Surgery, LLC's Amended Complaint, CV-25-1168.

surgery, patients, dates of disputes, payment amount disputed).  This pattern follows for all subsequent briefing on both parties.

B.    Case Background

Plaintiff, Shareef Jandali Plastic Surgery, LLC, ("Shareef Jandali") is a medical practice specializing in plastic and reconstructive surgery. See Cigna Rule 56(a)(2) Statement ("56(a)(2) Stat.") (Doc. No. 20-1) at ¶ 1.  Shareef Jandali is an out-of-network provider and has no network contract that determines or limits payment for its services to Cigna's members.  Id. at ¶ 2.

On December 14, 2023, Dr. Shareef Jandali, M.D., owner and principal of Shareef Jandali, provided medical services to a patient identified as M.B. at Yale New Haven Health Bridgeport Hospital.  Id. at ¶ 3.  That same day, Dr. Jandali provided medical services to a second patient, identified as C.M., at the same hospital.  Id.  On January 7, 2024, Shareef Jandali provided medical services to a third patient, identified as M.P., at St. Mary's Hospital.  Id.  Shareef Jandali no longer is pursuing its fourth claim as alleged in the complaint, DISP-1336834 for patient E.G.  See Pltf's Opp'n and Cross-Motion for SJ at 1 n. 1; see also Complaint at 2-3.

At the time of each treatment, the respective patient was the beneficiary of a health plan issued or administered by Cigna.  Id.

Following treatment, Shareef Jandali submitted claims to Cigna seeking payment as follows: $14,500.00 for CPT code 19342 (Patient M.B.); $42,294.00 for CPT code 15570 (Patient C.M.); and $17,396.20 for CPT code 19316 (Patient M.P.).  Id. at ¶ 4. Cigna denied coverage for these CPT codes.  Id. at ¶ 5.

Shareef Jandali disputed each of Cigna's payment determinations and initiated the negotiation period provided for under the NSA.  Id. at ¶ 8.  When the disputes were

3

not resolved during the negotiation period, Shareef Jandali initiated the IDR process for each claim.  Id. at ¶¶ 9-10.  Three separate CIDREs adjudicated the disputes and ruled in Shareef Jandali's favor: (1) on September 12, 2024, Maximus Federal Services, Inc. awarded Shareef Jandali $14,500.00 in Dispute No. DISP-1403118 (Patient M.B.); (2) on September 26, 2024, EdiPhy Advisors, L.L.C. awarded Shareef Jandali $42,294.00 in Dispute No. DISP-1339707 (Patient C.M.); and (3) on September 19, 2024, Federal Hearings and Appeals Services, Inc. awarded Shareef Jandali $17,396.20 in Dispute No. DISP-1585798 (Patient M.P.). Id. at ¶ 10(a)-(c).

Under the NSA, if it is determined in the IDR process that an amount remains due, the insurer has 30 days from the date of the award to tender the ordered payment. Id. at ¶ 11.  Cigna has not paid any of the three award payments at issue to Shareef Jandali. Id. at ¶ 12. As of the issuance of this Ruling, more than 650 days have elapsed since the latest of Cigna's three payment deadlines.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of proving the existence of subject matter jurisdiction. Makarova, 201 F.3d at 113.  In determining whether the plaintiff has met this burden, the court must accept as true all factual allegations in a complaint and draw all reasonable inferences in favor of the plaintiff.  See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 57 (2d Cir. 2016); Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d

4

635, 638 (2d Cir. 2005).  The court may also rely on evidence outside a complaint in deciding a Rule 12(b)(1) motion.  See Makarova, 201 F.3d at 113.

B.       Rule 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

Reviewing a motion to dismiss under Rule 12(b)(6), the court liberally construes the claims, accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the non-movant's favor.  See La Liberte v. Reid, 966 F.3d 79, 85 (2d Cir. 2020).  However, the court does not credit legal conclusions or "[t]hreadbare recitals of the elements of a cause of action."  Iqbal, 556 U.S. at 678.  In deciding a motion to dismiss under Rule 12(b)(6), courts may consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

C.       Motion for Summary Judgment Standard

A motion for summary judgment may be granted only when the moving party can establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Wright v. N.Y. State Dep't of Corr., 831 F.3d 64, 71-72 (2d Cir. 2016).  If the moving party satisfies this burden, the nonmoving party

must set forth specific facts demonstrating that there is indeed "a genuine issue for trial." See Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). A genuine issue of fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Cross Com. Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016). Unsupported allegations do not create a material issue of fact and cannot overcome a properly supported motion for summary judgment. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). In assessing the record to determine whether there are disputed issues of material fact, the trial court must "resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought." See LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 175 (2d Cir. 1995).

## IV.    DISCUSSION

As a preliminary matter, this court incorporates and expressly relies upon its analysis in Shareef Jandali Plastic Surgery LLC v. Cigna Health and Life Insurance Co., No. 3:25-CV-1168 (JCH) (D. Conn. July 13, 2026), ("Shareef Jandali"). This instant case is the fourth time the court takes up the same issue of law. Id. This court relies upon its detailed analysis of law in Shareef Jandali and will apply the relevant new facts in a brief analysis below, highlighting any relevant differences.

This instant case is almost the exact same as the above-mentioned Shareef Jandali, down to the same parties and practically the same memorandum of law. The only practical difference is the underlying patients and subsequent billing disputes. Only one area needs highlighting, the disputed billing concerning patient E.G.

A.    Patient E.G.

In this case, there are four patients who were, according to the complaint, the basis for the dispute.  See Compl. at 2-9.  One of the patients is patient E.G.  Id. at 2-4.  Cigna moved to dismiss the complaint with specifics regarding each patient dispute.  See Mot. to Dismiss at 6-8.  In its Opposition and Cross Motion for Summary Judgment, Shareef Jandali only provided facts regarding three patients, M.B., C.M., and M.P.  See Pltf's Opp'n and Cross Motion for SJ at 2-3.  Shareef Jandali noted it is no longer pursuing its claims as to patient E.G. under DISP-1336834.  See id. at n.1.  Therefore, this Ruling addresses only the three remaining patient disputes.

B.    Subject Matter Jurisdiction

Cigna begins by arguing that this court does not have subject matter jurisdiction.  See Mot. to Dismiss at 10-11.  It argues that there is no cause of action under the NSA and, because plaintiff cannot state a claim upon which relief can be granted, the case should be dismissed.  Id.

As this court held in Shareef Jandali, a claim must arise under federal law on the face of a well-pleaded complaint.  See Shareef Jandali, at 7.  Other courts, including those in this District, have determined that subject matter jurisdiction exists and have issued opinions on similar situations.  See generally Agag v. Cigna Health & Life Ins. Co., No. 3:25-CV-00498 (SRU), 2026 WL 1021213, at *6 (D. Conn. Apr. 15, 2026) (holding the court possesses subject matter jurisdiction because the claim arises under federal law on the face of a well pleaded complaint); PHI Health, LLC v. Optimum Choice, Inc., 2026 WL 850453, No. 25-cv-2320-ABA, (D. Md. Mar. 27, 2026); Guardian Flight LLC v. Aetna Life Ins. Co., 789 F. Supp. 3d 214 (D. Conn. 2025) (holding that the NSA created a private right of action for providers to enforce independent dispute

7

resolution awards); <u>see also</u> Brief for the United States as Amicus Curiae in Support of Plaintiffs-Appellants at 6 <u>Guardian Flight, L.L.C. v. Health Care Serv. Corp.</u>, 140 F.4th 271 (5th Cir. 2025), 2024 WL 4451970 ("Gov't Amicus Br.") (arguing that the NSA supports judicial enforcement of payment determinations).  This court concludes there is subject matter jurisdiction: "concluding otherwise would ignore the low bar that exists for federal question jurisdiction."  <u>See</u> <u>Agag v. Cigna Health & Life Ins. Co.</u>, 2026 WL 1021213, at *6 (D. Conn. Apr. 15, 2026); <u>see also</u> <u>Shareef Jandali</u> at 6-7.  Therefore, the court denies the defendant's Motion to Dismiss based on lack of subject matter jurisdiction.

C.      <u>The NSA Authorizes Judicial Enforcement of IDR Awards</u>

The court now turns to the key issue in this case, whether the NSA allows this court to enforce the determination made by the IDR.  This court joins other courts, and the federal government's own interpretation, which have determined that the NSA permits a provider to seek judicial enforcement of a binding IDR determination award. <u>See</u> <u>Agag</u>, 2026 WL 1021213, at *6 (D. Conn. Apr. 15, 2026); <u>PHI Health, LLC v. Optimum Choice, Inc.</u>, 2026 WL 850453, No. 25-cv-2320-ABA, (D. Md. Mar. 27, 2026); <u>Guardian Flight LLC v. Aetna Life Ins. Co.</u>, 789 F. Supp. 3d 214 (D. Conn. 2025); <u>see also</u> Brief for the United States as Amicus Curiae in Support of Plaintiffs-Appellants, Guardian Flight, L.L.C. v. Health Care Serv. Corp., 140 F.4th 271 (5th Cir. 2025).

Cigna argues that there is no express private right of action and, because creating a cause of action is a legislative endeavor, this court cannot read one into being.  <u>See</u> Mot. to Dismiss at 10-11.  Cigna supports its argument with a Fifth Circuit decision which held that the NSA contains no private right of action in an enforcement of an IDR determination.  <u>Id</u>. at 11.  Further, Cigna argues that there is no implied right of

8

action, and the text of the NSA confirms Congress's choice to omit a private right of action.  Id. at 16-18.

The plaintiff, Shareef Jandali, argues that the plain text, structure, and background of the NSA creates a right for a provider to be paid, and that the NSA confirms a right of action to enforce the insurer's obligation to pay.  See Pltf's Opp'n at 5-7.

This court incorporates the analysis of each of the following points from Shareef Jandali and briefly sets forth the following conclusions.

1.    The NSA's Text and Structure Create an Enforceable Right

The NSA's text is both direct and specific with the text mandating that IDR determinations "shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts" and that payment "shall be made directly to the nonparticipating provider or facility not later than 30 days after the date on which such determination is made."  See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I); 42 U.S.C. § 300gg-111(c)(6); see also Shareef Jandali at 8-11.  The Supreme Court has stated that "magic words explicitly inviting suit" are not required, and statutory "shall pay language" reflects Congress's intent to "create both a right and a remedy."  See Maine Cmty. Health Options v. United States, 590 U.S. 296, 323-325 (2020); Alexander v. Sandoval, 532 U.S. 275, 288 (2001).

Here the statute tells the insurer that it shall pay, and it further specifies the amount to be paid (the IDR determination award), the recipient (the provider), and even a deadline (30 days).  These provisions show Congressional intent to create both a right and a remedy, in essence a money mandating obligation. See Maine Cmty. Health Options v. United States, 590 U.S. 296, 301 (2020).  Where Congress has

unambiguously created rights that the statutory text, structure, and context show Congress also intended to be enforceable in court, this court cannot ignore that congressional intent.  See generally Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 168 (2023) (when defendant seeks to prove implicit denial of cause of action in statute).

Congress determined to protect patients from not only the "surprise" of unexpectedly high bills but also from being involved in drawn-out payment disputes, hence the IDR process.  See PHI Health, LLC v. Optimum Choice, Inc., 2026 WL 850453, at *22 (D. Md. Mar. 27, 2026)  Once that process culminates in a "binding" IDR award, Congress made clear there should be no further obstacle to the provider being paid, and paid promptly.  Id.

The statute's structure reinforces this conclusion.  The NSA stripped out-of-network providers of their pre-existing common-law rights to collect payment from patients.  See 42 U.S.C. §§ 300gg-131, 132.  Having extinguished those state-law remedies, Congress "replaced those rights with a federal right with both procedural and substantive components."  See PHI Health, LLC v. Optimum Choice, Inc., 2026 WL 850453, at *17–18.  The procedural right is the entitlement to pursue the IDR process and obtain a determination from the IDR.  The substantive right is the express mandate that the determination be paid.  If providers were intended to have no judicial avenue to enforce the right it simultaneously created and acknowledged as "binding," Congress would have written a statute that is "inconceivable."  Id. at *30.

### 2.    The No Judicial Review Clause Does Not Bar Confirmation

This court has analyzed the phrase "shall not be subject to judicial review" in Shareef Jandali, concluding that this clause does not bar judicial confirmation of an IDR

award. See Shareef Jandali, No. 3:25-CV-1168, at 11–14. The ordinary meaning of "judicial review" relates to the examination and potential overturning of a prior decision. See 5 U.S.C. § 706(2); Agag, 2026 WL 1021213, at *27-28 (cataloguing three definitions of "judicial review" from Black's Law Dictionary, none of which encompass confirmation).

A petition to confirm an IDR award, present in this case, does not ask this court to review, revise, or even scrutinize the merits of the IDR determination. It simply asks what the statute says, to give legal effect to a "binding" award. This distinction is not semantics. The "judicial review" provision in the NSA relates to challenges of an IDR, which are limited to only those identified in "paragraphs (1) through (4) of section 10(a) of Title 9" (§ 300gg-111(c)(5)(E)(i)(II)), such as "fraud," "corruption" "partiality," or a "refus[al] to hear evidence pertinent and material to the controversy." See 9 U.S.C. § 10(a)(1)–(4). Congress made clear in the text that the non-prevailing party is not entitled to seek a do-over in federal court. The parties have already engaged in the IDR process. One party prevailed and is now seeking legal enforcement of the determination. There was no need for Congress to incorporate section 9, because of the NSA's own "binding" and "shall be paid" language already created legal obligations that are automatically effective. See Shareef Jandali at 12– 14; PHI Health, 2026 WL 850453, at *26–27. Those words do not appear in section 9 of the FAA. See 9 U.S.C. § 1–16.

### 3.    Statutory Interpretation

As this court described in Shareef Jandali, even if the statutory text were found to be ambiguous, the canon against surplusage would independently compel the same result. See Shareef Jandali at 15-16. That canon requires that "effect is given to all

11

[statutory] provisions, so that no part will be inoperative or superfluous, void or insignificant;" it is at its strongest when an interpretation would render superfluous another provision within the same statutory scheme. See Corley v. United States, 556 U.S. 303, 314 (2009); see also Marx v. Gen. Revenue Corp., 568 U.S. 371, 386 (2013). Cigna's reading does precisely that: it would strip the word "binding" in section 300gg-111(c)(5)(E)(i)(I) of all legal force and would render the thirty-day payment mandate in section 300gg-111(c)(6), a provision specifying a payee, an amount, and a deadline, entirely unenforceable surplusage. The canon against surplusage requires this court to avoid that outcome. See Shareef Jandali at 15–16.

4.   NSA's Administrative Remedies are not a Comprehensive Enforcement Scheme

This court rejected Cigna's argument in Shareef Jandali that the HHS civil monetary penalty mechanism set up by Congress is adequate enforcement. See 42 U.S.C. § 300gg-22(b)(2)(C); see also Shareef Jandali at 15–17. The HHS penalty is paid to the government, not to the provider. Further, there is no mechanism through which HHS can direct an insurer to pay a specific IDR award to a specific provider. The $100-per-day penalty creates perverse incentives for insurers to choose prolonged non-payment over compliance. See PHI Health, 2026 WL 850453, at *33–34.

That incentive is on display in this case. The IDR awards at issue are $14,500 for patient M.B., $42,294 for patient C.M., and $17,396.20 for patient M.P. See Complaint at 2-8. At $100 per day, it would take Cigna over two years of HHS-imposed penalties to equal the amount owed. Further, those penalties are mere possibilities and flow to the government, not to Shareef Jandali, the provider.

12

Additional empirical evidence confirms that administrative enforcement alone is inadequate.  The December 2023 GAO Report found that the majority of providers who won IDR awards reported them remaining unpaid past the 30-day deadline.  See GAO-24-106335, at 32.  The January 2025 CMS study of an insurance plan in Indiana found that 18 of 28 IDR awards sampled were not paid within the required 30 days. See https://www.cms.gov/files/document/ambetter-indiana.pdf at 6.

D.    Cigna's Coverage Denial Defense is Not Persuasive

Cigna raises a threshold coverage defense, arguing that the NSA does not reach the underlying claims.  See Def's Reply at 17-23. In Cigna's view, the NSA governs only disputes over how much an insurer must pay for a service that is covered under a plan; the NSA does not apply when, as Cigna contends is the case here, the insurer has denied the claims altogether on coverage grounds.  See id. at 17-19.  Because its denial "relate[d] to coverage, not reimbursement," Cigna argues the IDR process was inapplicable from the outset and urges this court to deny Shareef Jandali's cross-motion.  See id. at 19–21.

The court finds this argument unpersuasive, just as it found the exact same argument unpersuasive in Shareef Jandali.  See Shareef Jandali at 20-22.  The court incorporates and adopts the same analysis it utilized there.

Cigna already had an opportunity to raise this "coverage denial" defense.  During the IDR process "the provider or facility and the health plan or issuer must submit payment offers and additional information supporting their payment offers to the certified IDR entity."  See Ctrs. for Medicare & Medicaid Servs., Payment Disputes Between Providers and Health Plans, CMS.GOV, https://www.cms.gov/nosurprises/help-resolve-payment-disputes/payment-disputes-between-providers-and-health-plans (last visited

June 30, 2026) (emphasis added). Cigna had the opportunity to submit additional supporting information where it could have argued its "coverage denial" defense. [3] See 56(a)(2) Stat at ¶¶ 6, 10. Apparently, the CIDRE rejected Cigna's coverage position. Shareef Jandali prevailed. Id. at ¶ 12. Therefore, the "coverage defense" argument did not prevail before the CIDRE.

Cigna is now asking this court to engage in judicial review of the CIDRE's decision to accept Shareef Jandali's offer, even though it spends much time arguing that this court cannot confirm an IDR award because to do so would require judicial review, something Cigna says this court cannot do. See generally Def's Reply; Mot. to Dismiss. Cigna argues that this court cannot engage in judicial review when doing so would be to its detriment (i.e., confirming the IDR award), but in the same breath argues that this court should engage in judicial review when doing so would be advantageous to it (i.e., not confirming the IDR award).

Cigna already had an opportunity to present its "coverage denial defense" by submitting "additional information" and making its "$0" offer. The NSA prohibits judicial review of the IDR with limited exceptions, limited strictly to motions to vacate an award as outlined in paragraphs 1-4 of section 10 of the FAA, which paragraphs are generally related to fraud, corruption, or misconduct. See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II); 9 U.S.C.A. § 10 (West). Cigna has not offered evidence of fraud, corruption, or misconduct in the statutory IDR process.

It bears noting that, if this court accepts Cigna's position, it would create a massive loophole. Any insurer could claim its failure to pay an IDR award was based

___

[3] The record does not reflect that Cigna defended in the IDR on the grounds of no coverage. However, its offer of $0.00 in the baseball arbitration clearly suggests that was its position.

14

on "coverage denial," not move to vacate the award on the limited applicable grounds, but instead, defend in federal court against the confirmation of an award by recharacterizing the underlying dispute as "coverage issues."[4]  The provider, in Cigna's view, has no remedy.  This court rejects Cigna's argument regarding Coverage Denial.

> E.      Whether FAA Section 9 Applies Independently

As this court explained in Shareef Jandali, the NSA independently authorizes judicial enforcement.  The court need not decide whether FAA section 9 separately provides an enforcement pathway.  See Shareef Jandali at 21–22.

> F.      Rule 12(b)(6)

Cigna has also moved for failure of Shareef Jandali to state a Claim.  Shareef Jandali has pled a claim under the statutory cause of action discussed above.  Shareef Jandali has alleged it provided medical services to a patient insured by Cigna.  See Complaint at ¶¶ 23, 39, 55.  However, Shareef Jandali is an out of network provider with

---

[4] This appears to be Cigna's strategy.  In New England PA, LLC v. Cigna Health and Life Insurance Company, 25-cv-01472-JCH (D. Conn. 2026), the same insurance company, Cigna, refused to engage in the entire IDR process.  Cigna submitted no documents nor even a dispute of the billing code but, in its Motion to this court, attempted to have a "do-over."  See Motion to Dismiss (Doc. No. 19) in New England PA, LLC v. Cigna Health and Life Insurance Company, 25-cv-01472-JCH (D. Conn. 2026).  It argued that the billing submitted by the provider is disputed by Cigna, so now the court should engage in judicial review.  Id. at 10-18.  Cigna had ample time to engage in the IDR process and on the record states it disagreed with the billing codes, but did not avail itself of any of the administrative avenues for relief.  Instead, it submitted nothing and, after the provider had to spend significant time and money to go through the IDR and court process, only now that it has to pay money, does Cigna want to return to the beginning to dispute the claim.

Cigna repeats the same argument, including the lack of the court's power of judicial review, with slightly different facts in Northeast Surgery Center, LLC v. Cigna Health and Life Insurance Company, 25-cv-1476-JCH (D. Conn. 2026).  In that case, Cigna submitted a $0 dollar award to the IDR.  Only when the IDR awarded Northeast Surgery Center $20,800 did Cigna claim in court filings that it was making a coverage denial determination, and it had not received the proper information from Northeast.  Id.  However, Cigna did not avail itself of the IDR process to challenge the applicability of the IDR process, where its "lack of documentation" argument would have been reviewed.  Instead, Cigna asks this court to review the IDR determination, despite ignoring the irony of arguing in three cases before this same court that this court cannot engage in judicial review.  Cigna did not appropriately challenge the IDR authority; it cannot now seek, when it loses, to engage in judicial review only when it benefits Cigna.

no network contract with Cigna.  Id. at ¶¶ 27, 43, 59.  Shareef Jandali  filed claims with Cigna, but Cigna did not pay.  Id. at ¶¶ 30, 46, 57.  Shareef Jandali initiated the IDR process and ultimately prevailed, receiving binding awards.  Id. at ¶¶ 31-35, 49-51, 60-65.  Cigna failed to pay.  Id. at ¶¶ 38, 54, 66.

Shareef Jandali pled all elements of a cause of action under the NSA.  Therefore, Cigna's Motion to Dismiss under Rule 12(b)(6) is denied.

G.    Shareef Jandali's Cross Motion to Confirm IDR Award and Fees

1.    Cross Motion to Confirm IDR

In light of the above analysis, the court now turns to the Motion to Confirm the IDR awards in Dispute Resolutions - 1403118, 1339707, and 1585798.  See Doc. No. 19.  The following facts are undisputed:

1) Plaintiff Shareef Jandali Plastic Surgery, LLC provided medical services to Patient M.B., Patient C.M., and Patient M.P.  See 56(a)(2) Stat. at ¶¶ 1–4.

2) Shareef Jandali is an out-of-network provider with no network contract with Cigna. Id. at ¶ 2.

3) Cigna made no payment on the underlying claims.  Id. at ¶ 5.

4) Shareef Jandali initiated the IDR process.  Three different CIDRE issued three awards to Shareef Jandali in September 2024.   Under Arbitration Dispute DISP-1403118 a total of $14,500.00.  Under DISP-1339707 a total of $42,294.00.  Under DISP-1585798 a total of $17,396.20. Id. at ¶ 10.

5) Cigna has not paid the awards.  Id. at ¶ 12.

6) More than 600 days have elapsed since Cigna's statutory payment deadline. Id. at ¶ 14.

16

In light of this court's analysis of the NSA, a court must confirm the award unless a party moves to vacate the award under paragraphs (1) through (4) of 9 U.S.C. Section 10(a). See Agag v. Cigna Health & Life Ins. Co., No. 3:25-CV-00498 (SRU), 2026 WL 1021213, at *15 (D. Conn. Apr. 15, 2026).

Judicial review must be based on one of the four exceptions in the NSA: corruption, fraud, partiality, or exceeding the arbitrators' powers. See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II). Cigna does not contend that the award was procured by fraud or misrepresentation, or any of the four exceptions for judicial review. See generally 56(a)(2) Stats. Cigna does not dispute that it failed to pay the awards. See id. at ¶ 12. Therefore, there is no genuine dispute of material fact, and the awards are confirmed as a matter of law. The Motion for Summary Judgment is granted.

> 2.    Post-Judgment Interest and Fees

The Clerk shall enter judgment confirming the IDR award of $74,190.20 in favor of Shareef Jandali. Post-judgment interest shall accrue from the date of entry of judgment pursuant to section 1961 of title 28 of the U.S. Code.

At this time, the court declines to award pre-judgment interest or attorneys' fees, as these issues were not adequately briefed by the parties.

## V.    CONCLUSION

The NSA's carefully constructed IDR framework, representing a significant legislative effort by Congress to help both patients and providers in health situations, is rendered meaningless if prevailing providers are left without judicial enforcement of the awards they are owed. Such a result is not only inconsistent with the plain meaning of the text, the structure of the legislation, and the principles that guide statutory

17

interpretation; it also produces precisely the kind of absurd, perverse outcome that courts are obligated to reject.  See, supra, Part IV.B.1-4.

For the reasons stated above, the court denies Cigna's Motion to Dismiss (Doc. No. 16) under both Rule 12(b)(1) and Rule 12(b)(6).  There is a federal cause of action, and Shareef Jandali plausibly pled it.

The court grants Shareef Jandali's Cross Motion for Confirmation/Summary Judgment in part (Doc. No. 19).  The Clerk is ordered to enter judgment confirming the three (3) IDR awards in total of $74,190.20, in favor of Shareef Jandali.  The Motion for Summary Judgment is moot in part as to one award because Shareef Jandali withdrew it.

Shareef Jandali may file a motion for an award of the IDR fees and pre-judgment interest within 21 days of this Ruling.

The Clerk is directed to close the case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 21st day of July 2026.

  /s/ Janet C. Hall
Janet C. Hall
United States District Judge